61 F.3d 915
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Virginia Sue BERRY, Plaintiff-Appellant,
v.
UNITED STATES of America, ex rel Department of Indian
Affairs; W.W. Hastings Indian Hospital,
Defendants-Appellees.
 No. 94-7173
(D.C.No. CV-93-702-S)
 United States Court of Appeals,
Tenth Circuit.
 July 25, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 BRORBY, Circuit Judge.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff commenced this medical malpractice action against the defendant hospital under the Federal Tort Claims Act. Following a trial to the court, sitting without a jury, judgment was rendered in favor of defendant. Plaintiff appeals, asserting evidentiary error in the exclusion of certain evidence and that the trial court erred in finding the hospital did not breach its standard of care. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm the decisions of the trial court.
 
 
 3
 Plaintiff was twice operated upon by Dr. Trakas, a full-time employee of defendant hospital. In 1986, the doctor removed the pad between plaintiff's left jaw bones and replaced it with a Vitek Teflon TMJ implant. In 1987, the operation was repeated on plaintiff's right jaw. In December 1990, the Food and Drug Administration issued a "Safety Alert" with respect to TMJ implants manufactured by Vitek. Both of plaintiff's implants were removed in 1992.
 
 
 4
 * During the course of the trial plaintiff attempted to prove defendant received notice of the defective implants prior to the 1990 FDA alert. Plaintiff asserted an organization entitled "ECRI" issued an alert concerning the problems encountered with a Vitek TMJ implant. Counsel for plaintiff learned at a deposition that a "recall log" existed that allegedly documented when the ECRI alert came into defendant's hands. Following this deposition, plaintiff requested the pretrial order be amended to include this deponent as a witness and this was done; however, no mention was made by plaintiff of the "recall logs" being desired as an exhibit.
 
 
 5
 During the trial, plaintiff attempted to question a witness about the recall log. Counsel for defendant objected as the log was not listed as an exhibit in the pretrial order. A witness was subsequently allowed to testify he was not familiar with the "recall log" and knew little about ECRI, but further questions were not allowed. Plaintiff's expert witness testified while he had heard of ECRI, he didn't know much about it and hadn't heard about them before this case. He opined: "I think it is a fairly new organization."
 
 
 6
 The trial court found the ECRI "alerts," regardless of when they were received, were not authoritative and further found plaintiff had failed to come forth with testimony to show ECRI was the type of document that would put defendant on notice of problems with the implants.
 
 
 7
 Plaintiff appeals this decision, arguing her counsel was not made aware the logs were in existence until after the pretrial order had issued and accusing defendant's counsel of bad faith in failing to make the logs available "contrary to the spirit in which discovery is to be conducted causing undue hardship upon plaintiff."
 
 
 8
 We review the exclusion of evidence by the trial court under an abuse of discretion standard. See Amoco Rocmount Co. v. The Anschutz Corp., 7 F.3d 909, 919 (10th Cir.1993), cert. denied, 114 S.Ct. 1057 (1994). Plaintiff was aware of the existence of the documents when counsel requested and received an amendment to the pretrial order. The trial court was never made aware of plaintiff's desire to amend the pretrial order to include the logs. Even assuming the trial court abused its discretion in refusing to amend the pretrial order in order to admit the documents, the trial court's finding the type of document involved would not place defendant on notice was not overcome. The trial court specifically found that between the last of plaintiff's surgeries in 1987 and the FDA alert in 1990:
 
 
 9
 Testimony was presented about conflicting reports and literature in the medical community concerning the safety and efficacy of teflon proplast implants. Between the last of [Plaintiff's] surgeries in 1987 and the issuance of the FDA Safety Alert in 1990 there was no definitive resolution of the conflicting opinions regarding the safety and efficacy of teflon proplast implants.
 
 The trial court further found:
 
 10
 No testimony was presented establishing any expertise or authority on the part of ECRI with respect to the issuance of alerts on medical equipment or devices. In any event, this ECRI alert was not seen by Dr. Trakas, or any other dental clinic personnel, until Dr. Partak was shown a copy of it one month prior to this trial. We cannot conclude the trial court abused its discretion in excluding the "recall logs" under the facts of this case.
 
 II
 
 11
 The trial court next found "[i]n the absence of overt symptoms indicative of TMJ dysfunction, Dr. Trakas was not negligent in failing to ... require yearly radiographic exams." This finding was made in reliance upon one of defendant's expert witnesses, Dr. Sullivan, who so testified.
 
 
 12
 Plaintiff asserts that under Rule 52, this finding of fact was clearly erroneous and that the facts demand a different result. Part of plaintiff's factual argument is based upon the fact "The ECRI called for X-rays." Plaintiff asks us to usurp the findings of the trier of fact, a task we are unable to accomplish. To do as plaintiff requests, we would first have to reject the testimony of Dr. Sullivan and we would then have to find, as a matter of law, that the ECRI findings are authoritative. When proper conflicting evidence is presented concerning the standard of ordinary care, this court is not permitted to substitute its findings for those of the trial court. See United States v. Mendoza-Salgado, 964 F.2d 993, 1011 (10th Cir.1992). Furthermore, an appellate court cannot review credibility determinations made by the trier of fact. See Anderson v. City of Bessemer, 470 U.S. 564, 575 (1985).
 
 
 13
 The judgment of the trial court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470